**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**EURY TAVAREZ HERNANDEZ,**

                             **Plaintiff,**          **MEMORANDUM**
                                                        **AND ORDER**
    -against-

                                                                      **21-CV-6844 (PKC)**

**DOMINO'S PIZZA LLC, et al.,**

                             **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before the Court is defendants' letter seeking contempt against non-party Nexray Medical Imaging, P.C. d/b/a Soul Radiology ("Nexray"), the subject of a court-ordered subpoena *duces tecum* served in connection with defendants' attempts to obtain treatment records from plaintiff's healthcare providers. See Letter Motion for Contempt (Sept. 20, 2022) ("Mot. for Contempt"), Electronic Case Filing ("ECF") Docket Entry ("DE") #18. For the reasons discussed below, defendants' motion is denied without prejudice.

**DISCUSSION**

      As an initial matter, service of a subpoena is governed by Rule 45 of the Federal Rules of Civil Procedure, which "requires delivering a copy to the named person[.]" Fed. R. Civ. P. 45(b)(1). Thus, for service of a subpoena to be effective, the manner of service must comport with the requirements for service of process under Rule 4, unless judicial authorization to serve by alternate means has been sought and granted. See Kenyon v. Simon & Schuster, Inc., No. 16 Misc. 327 (P1), 2016 WL 5930265, at *3-4 (S.D.N.Y. Oct. 11,

2016) (noting that courts that have authorized alternative means of service have done so only after the plaintiff had diligently attempted to effectuate personal service); see also Tuqui Tuqui Dominicana, S.R.L. v. Castillo, 19 Civ. 108 (NRB), 2020 WL 1689763, at *6 (S.D.N.Y. Apr. 7, 2020) (requiring personal service under Rule 45); Simmons v. Fervent Elec. Corp., 14-CV-1804 (ARR) (MDG), 2016 WL 3661274, at *1 (E.D.N.Y. July 5, 2016) (denying motion for contempt without prejudice, where subpoena was not personally served on non-party and defendants failed to show diligent attempts to effectuate personal service prior to resorting to alternative methods of service).

    The subpoena at issue here, which was addressed to Soul Radiology, was delivered to a residence and served on "Lois," an individual who identified herself as the wife of one Dr. William Weiner. See Mot. for Contempt at 2; Affidavit of Service (Sept. 20, 2022), DE #18-3 at ECF p.1. According to defendants, Dr. Weiner is the agent registered with the New York Secretary of State to receive service of process for Nexray, see New York State Secretary of State Print-Out (Sept. 20, 2022), DE #18-2 at ECF p.1, and "is understood to be the incorporator and operator of Nexray[,]" Mot. for Contempt at 2. Even assuming that a subpoena addressed to Soul Radiology could be served upon Nexray's registered agent, the fact remains that the subpoena in question was not delivered to Dr. Weiner, as required to effect service of process on an entity through its agent, see Fed. R. Civ. P. 4(h)(1)(B); see also id. 4(h)(1)(A), 4(e)(1); N.Y. C.P.L.R. §§ 310, 310-a, 311(a)(1), nor did defendants seek and secure authorization to serve the subpoena by alternate means. Therefore, service of the subpoena was ineffective. See Kenyon, 2016 WL 5930265, at *4 (requiring personal service of subpoena on corporation); see also *In re* Newbrook Shipping Corp., 31 F.4th 889, 896-97

(4th Cir. 2022) ("to satisfy Rule 45's mandate of 'delivering a copy to the named person' when the 'person' is a corporation, there must be delivery to an appropriate agent, as identified by Rule 4(h)").

Without proper service of process, Nexray, a non-party, is not subject to the personal jurisdiction of the Court and may not be held in contempt. See Baliga ex rel. Link Motion Inc. v. Link Motion Inc., 385 F.Supp.3d 212, 219 (S.D.N.Y. 2019); Soundkillers LLC v. Young Money Entm't, LLC, 14cv7980 (KBF) (DF), 2016 WL 4990257, at *4 (S.D.N.Y. Aug. 2, 2016), adopted, 2016 WL 4926198 (S.D.N.Y. Sept. 15, 2016); see also First City, Texas-Houston, N.A. v. Rafidain Bank, 281 F.3d 48, 55 (2d Cir. 2002) (requiring proper service of subpoena in order to hold alleged contemnor in contempt for violating subpoena). Indeed, the Local Rules of this Court specifically provide that "[w]here the alleged contemnor [has not appeared,] . . . service shall be made personally, together with a copy of this Local Civil Rule 83.6, in the manner provided for by the Federal Rules of Civil Procedure for the service of a summons." S.D.N.Y./E.D.N.Y. Local Civ. R. 83.6(a). Since defendants' application did not comply with that requirement,[1] it is procedurally defective in any event.

Moreover, as defendants acknowledge, the subpoena is directed to Soul Radiology, which is nothing more than an assumed name for the corporate entity Nexray. See Mot. for Contempt at 2. Accordingly, any revised subpoena should be properly addressed to the entity from which defendants seek documents.[2] The Court is prepared to promptly so-order a

---

[1] Further, a proceeding to hold a person in contempt "shall be commenced by the service of a notice of motion or order to show cause" and accompanied by an affidavit. S.D.N.Y./E.D.N.Y. Local Civ. R. 83.6(a). Defendants' application does not comply with either of these requirements.

[2] Under the circumstances, and as plaintiff has interposed no objection to defendants' efforts to secure the records,

3

revised subpoena *duces tecum* with a new return date.

Finally, Nexray Medical Imaging, P.C. is warned that the failure to comply with a subpoena properly served upon it may result in the imposition of sanctions, including a finding by the District Court of civil contempt, punishable by escalating fines.[3]   Defendants are ordered to promptly serve a copy of this Order on Nexray Medical Imaging, P.C. by certified mail, and to file proof of service by October 3, 2022.

## CONCLUSION

For the foregoing reasons, defendants' letter-motion for contempt is denied without prejudice.

**SO ORDERED.**

**Dated:** Brooklyn, New York
September 29, 2022

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

---

the Court will permit defendants to serve a new subpoena on Nexray, even though discovery has closed.

[3] Where, as here, the case is pending before the District Court, a magistrate judge's role on a contempt motion is limited, and only the District Court can grant such a motion.  See Soundkillers LLC, 2016 WL 4990257, at *4 (collecting cases).