UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
EURY TAVAREZ HERNANDEZ,

            Plaintiff,

-against-

DOMINO'S PIZZA, INC. and KEVIN MARTINEZ,

           Defendants.
---------------------------------------------------------------X

Case No. 1:21-cv-6844 (PKC)(RLM)

ANSWER TO
AMENDED COMPLAINT

     Defendants, DOMINO'S PIZZA LLC, incorrectly sued herein as DOMINO'S PIZZA, INC., and KEVIN MARTINEZ, by their attorneys, KENDRIC LAW GROUP P.C., as and for their Answer to Plaintiff's Amended Complaint ("Am. Compl."), respectfully allege upon information and belief as follows:

## JURISDICTION AND VENUE

     FIRST: Admit the allegations within paragraph "1" of the Am. Compl.

     SECOND: Admit the allegations within paragraph "2" of the Am. Compl.

## PARTIES

     THIRD: Deny having knowledge or information sufficient to form a belief as to the truth of the allegations within paragraph "3" of the Am. Compl.

     FOURTH: Admit the allegations within paragraph "4" of the Am. Compl.

     FIFTH: Deny upon information and belief each and every allegation within paragraph "5" of the Am. Compl., except admit Defendant, DOMINO'S PIZZA LLC, was and still is a limited liability company organized and exiting under the laws of the State of Michigan, with a principal place of business located at 30 Frank Lloyd Wright Drive, Ann Arbor, Michigan.

## COUNT I:
### (Negligent Operation of a Motor Vehicle)

     SIXTH: Defendants, DOMINO'S PIZZA LLC, incorrectly sued herein as DOMINO'S PIZZA,

INC., and KEVIN MARTINEZ, repeat, reiterate and re-allege each and every denial in response to paragraphs "1" through "5" of the Am. Compl. as if more fully set forth herein.

SEVENTH: Deny upon information and belief each and every allegation within paragraph "7" of the Am. Compl., except admit that on April 5, 2021, KEVIN MARTINEZ cautiously operated a motor vehicle bearing Indiana license plate #2732821 and at the time of the subject accident, was in the course and scope of his employment with DOMINO'S PIZZA LLC.

EIGHTH: Deny upon information and belief each and every allegation within paragraph "8" of the Am. Compl.

NINTH: Deny upon information and belief each and every allegation within paragraph "9" of the Am. Compl.

TENTH: Deny upon information and belief each and every allegation within paragraph "10" of the Am. Compl.

ELEVENTH: Deny upon information and belief each and every allegation within paragraph "11" of the Am. Compl.

TWELFTH: Deny upon information and belief each and every allegation within paragraph "12" of the Am. Compl.

THIRTEENTH: Deny upon information and belief each and every allegation within paragraph "13" of the Am. Compl., and respectfully refer all questions of law to the court.

FOURTEENTH: Deny upon information and belief each and every allegation within paragraph "14" of the Am. Compl., and respectfully refer all questions of law to the court.

FIFTEENTH: Deny upon information and belief each and every allegation within paragraph "15" of the Am. Compl., and respectfully refer all questions of law to the court.

SIXTEENTH: Deny upon information and belief each and every allegation within paragraph "16" of the Am. Compl., and respectfully refer all questions of law to the court.

## COUNT II:
### (Negligence and Violation of 49 C.F.R. 395)

SEVENTEENTH: Defendants, DOMINO'S PIZZA LLC, incorrectly sued herein as DOMINO'S PIZZA, INC., and KEVIN MARTINEZ, repeat, reiterate and re-allege each and every denial in response to paragraphs "1" through "16" of the Am. Compl. as if more fully set forth herein.

EIGHTEENTH: Deny upon information and belief each and every allegation within paragraph "18" of the Am. Compl.

NINETEENTH: Deny upon information and belief each and every allegation within paragraph "19" of the Am. Compl.

TWENTIETH: Deny upon information and belief each and every allegation within paragraph "20" of the Am. Compl.

TWENTY-FIRST: Deny upon information and belief each and every allegation within paragraph "21" of the Am. Compl.

TWENTY-SECOND: Deny upon information and belief each and every allegation within paragraph "22" of the Am. Compl.

## COUNT III:
### (Negligent Hiring, Training and Retention)

TWENTY-THIRD: Defendants, DOMINO'S PIZZA LLC, incorrectly sued herein as DOMINO'S PIZZA, INC., and KEVIN MARTINEZ, repeat, reiterate and re-allege each and every denial in response to paragraphs "1" through "22" of the Am. Compl. as if more fully set forth herein.

TWENTY-FOURTH: Deny having knowledge or information sufficient to form a belief as to the truth of the allegations within paragraph "24" of the Am. Compl., and respectfully refer all questions of law to the court.

TWENTY-FIFTH: Deny upon information and belief each and every allegation within paragraph "25" of the Am. Compl.

TWENTY-SIXTH: Deny upon information and belief each and every allegation within paragraph "26" of the Am. Compl.

## JURY DEMAND

TWENTY-SEVENTH: Deny having knowledge or information sufficient to form a belief as to the truth of the allegations within paragraph "27" of the Am. Compl., and respectfully refer all questions of law to the court.

## AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-EIGHTH: That Count II and Count III of Plaintiffs' Amended Complaint are unauthorized and should be dismissed. No motion was ever filed or leave granted to include these additional causes of action, they were never discussed or agreed to, and their addition violates the parties' January 5, 2022 Stipulation which contemplated nothing more than a substitution of parties. Unless formally withdrawn, Defendants will move to strike these two causes of action.

## AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-NINTH: That if Plaintiff sustained injuries or damages as alleged in the Amended Complaint, which is denied, then said injuries and/or damages were caused in whole or in part as a result of his own culpable conduct and/or assumption of risk and/or failure to mitigate, and if Plaintiff is entitled to any recovery herein, said recovery must be diminished in the proportion which such his culpable conduct and/or assumption of risk and/or failure to mitigate bears to the entire measure of damages for the subject occurrence.

## AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTIETH: Upon information and belief, any past or future costs or expenses incurred or to be incurred by Plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in §4545(c) of the Civil Practice Law and Rules and, therefore, any

judgment awarded to him in this action shall be reduced by the amount of any past or future cost or expense which has or will be replaced or indemnified in whole or in part from said collateral source.

### AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FIRST: To the extent Plaintiff has not sustained a "serious injury" within the meaning of §5102 of the Insurance Law, and/or has not suffered economic loss greater than "basic economic loss" as defined therein, Defendants will rely upon that fact at the time of trial.

### AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-SECOND: Plaintiff's Count III of Plaintiff's Amended Complaint is barred by these answering defendants' explicit admission that at the time of the subject accident, KEVIN MARTINEZ was in the course and scope of his employment with DOMINO'S PIZZA LLC. *See, Ambroise v. United Parcel Service*, 143 A.D.3d 929, 931 (2nd Dept. 2016); *Quiroz v. Zottola*, 96 A.D.3d 1035, 1037 (2nd Dept. 2012); and *Neiger v. City of New York*, 72 A.D.3d 663, 664 (2nd Dept. 2010).

### AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-THIRD: To the extent Plaintiff was not wearing a seat belt at the time of the subject accident, his own conduct was a contributing factor to his injuries, if any, and Defendants will rely upon that fact at the time of trial.

WHEREFORE, Defendants, DOMINO'S PIZZA LLC, incorrectly sued herein as DOMINO'S PIZZA, INC., and KEVIN MARTINEZ, respectfully demand judgment dismissing Plaintiff's Amended Complaint on the merits; and if Plaintiff is found to have caused or contributed to the incident or damages, that any damages be reduced in proportion to which he may be found to have so caused or contributed to the incident or damages; together with the costs and disbursements of this action.

Dated: Cold Spring Harbor, New York
March 28, 2022

_____
CHRISTOPHER KENDRIC
KENDRIC LAW GROUP P.C.
*Attorneys for Defendants*
126 Main Street, #279
Cold Spring Harbor, New York 11724
(516) 732-4774

TO:
MICHELLE JEAN-JACQUES, ESQ.
HARMON, LINDER & ROGOWSKY, ESQS.
*Attorneys for Plaintiff*
3 Park Avenue, Suite 2300
New York, New York 10016
(212) 732-3665

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
EURY TAVAREZ HERNANDEZ,

                         Plaintiff,

-against-

DOMINO'S PIZZA, INC. and KEVIN MARTINEZ,

                         Defendants.
-------------------------------------------------------------X

Case No. 1:21-cv-6844 (PKC)(RLM)

## ANSWER TO AMENDED COMPLAINT

KENDRIC LAW GROUP P.C.
*Attorneys for Defendants*
126 Main Street, #279
Cold Spring Harbor, New York 11724
(516) 732-4774